IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Crim. No. 2:21-cr-00890 MIS

ANDRES GERARDO AYALA-
BOJORQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the United States' Motion *in Limine* Regarding Defendant's Plea Admissions. ECF No. 140. In the Motion, the United States argues that factual admissions from a plea agreement signed by Defendant Andres Gerardo Ayala-Bojorquez ("Mr. Ayala") on May 31, 2022 should be admissible against him at trial. The basis for the United States' argument is that the plea agreement contained a Federal Rule of Evidence 410 waiver, which states that the waiver becomes effective "upon the defendant's signing of this plea agreement." *See* ECF No. 140-1, ¶ 8. Thus, according to the United States, as long as Mr. Ayala knowingly and voluntarily signed the plea agreement, his factual admissions are admissible under the terms of the plea agreement and United States Supreme Court precedent in *United States v. Mezzanatto*, 513 U.S. 196 (1995), expanded by the Tenth Circuit in *United States v. Mitchell*, 633 F.3d 997 (10th Cir. 2011) and *United States v. Jim*, 786 F.3d 802 (10th Cir. 2015).

Mr. Ayala filed a response in opposition to the Motion on July 29, 2022. ECF No. 152. In his Response, Mr. Ayala argues that the Court should not enforce the Rule 410 waiver because the language of the waiver is ambiguous, and Mr. Ayala directs the Court's attention to *United States v. Escobedo*, 757 F.3d 229 (5th Cir. 2014). Mr. Ayala argues that a waiver does not take effect before a district court accepts a plea agreement.

On August 15, 2022, this Court held a hearing on the Motion. At that time, the Court inquired from defense counsel[1] whether Mr. Ayala intended to present any evidence to establish that his signing of the plea agreement at issue was either unknowing or involuntary. Mr. Ayala's counsel replied that he did not have evidence to present regarding that issue. Mr. Ayala also did not dispute that he signed the plea agreement.

Accordingly, the Court finds there is no evidence in the record to suggest abuse of prosecutorial bargaining power or that Mr. Ayala's signing of the plea agreement on May 31, 2022 was unknowing or involuntary.

Mr. Ayala also argues that the waiver provision at issue is unclear. The Court is not persuaded by this argument. The Rule 410 waiver provision in Mr. Ayala's plea agreement states that it becomes effective "upon the defendant's signing of this plea agreement."[2] ECF No. 140-1, ¶ 8. Moreover, the Court notes that the waiver at issue in this case is identical—with the exception of the last sentence—to the waiver reviewed by the Tenth Circuit in *Jim*. *See* 786 F.3d at 806. There, the Tenth Circuit found that "Jim's

---

[1] Mr. Ayala is now represented by different counsel than when he signed the plea agreement.

[2] This fact distinguishes this case from *Escobedo*, where the waiver provision at issue contained no mention of the waiver becoming effective upon signing by the defendant. *See Escobedo*, 757 F.3d at 233.

Rule 410 waiver expressly stated that it took effect at the time he signed the plea agreement." *Id*. at 809. Additionally, the Tenth Circuit found that "[t]he clearly contemplated situation where the Rule 410 waiver would have any usefulness to the Government is in precisely this situation—where the defendant failed to carry out his side of the bargain to plead guilty and thereby forced the Government to trial." *Id*. Accordingly, the Court finds that the Rule 410 waiver in Mr. Ayala's plea agreement is not ambiguous. Thus, the Court finds that the waiver contained in Paragraph 8 of the Defendant's Plea Agreement from May 31, 2022, is enforceable.

In light of the above, the United States' Motion *in Limine* Regarding Defendant's Plea Admissions, ECF No. 140, is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that the United States shall be allowed to present the factual admissions, date, and Mr. Ayala's signature from the plea agreement (United States' Exhibit 21) in its case-in-chief at trial. However, the United States may not introduce any other portions from the plea agreement and/or the hearing that was held on July 6, 2022.

*[Signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE